**UNITED STATES DISTRICK COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ENVIRONMENT RHODE ISLAND, BURTON HOFFMAN, HENRY ROSEMONT, JR., DAVID WIXTED, and HENRY T. WROBEL,** **Plaintiffs** | : | |
| **vs.** | : | **C.A. No. 08-265** |
| **CITY OF NEWPORT, and EARTH TECH, INC.** **Defendants** | : | |

**DEFENDANT CITY OF NEWPORT'S ANSWER TO PLAINTIFFS' COMPLAINT**

**Nature of the Case**

1. Paragraph 1 of Plaintiffs' complaint does not require an answer from Defendant City of Newport but to the extent that it does, Defendant neither admits nor denies the allegations contained therein but leaves Plaintiffs to their proof of the same.

**Jurisdiction and Venue**

2. Defendant City of Newport admits to the allegations that Plaintiffs have commenced an action against the City of Newport.

3. Defendant City of Newport admits to the allegation as to venue but otherwise denies the allegations contained in paragraph 3 of Plaintiffs' complaint.

4. Defendant City of Newport admits to the allegation as to the receipt of a notice to the City of Newport but otherwise Defendant neither admits nor denies the allegations contained in paragraph 4 of Plaintiffs' complaint.

5. Defendant City of Newport denies the allegations contained in paragraph 5 of Plaintiffs' complaint.

**Parties**

6. Defendant City of Newport is without knowledge of the allegations contained in paragraph 6 of Plaintiffs' complaint.

7. Defendant City of Newport is without knowledge of the allegations contained in paragraph 7 of Plaintiffs' complaint.

8. Defendant City of Newport is without knowledge of the allegations contained in paragraph 8 of Plaintiffs' complaint.

9. Defendant City of Newport is without knowledge of the allegations contained in paragraph 9 of Plaintiffs' complaint.

10. Defendant City of Newport is without knowledge of the allegations contained in paragraph 10 of Plaintiffs' complaint.

11. Defendant City of Newport is without knowledge of the allegations contained in paragraph 11 of Plaintiffs' complaint.

12. Defendant City of Newport admits to the allegations contained in paragraph 12 of Plaintiffs' complaint.

13. Defendant City of Newport denies the allegations contained in paragraph 13 of Plaintiffs' complaint.

14. Defendant City of Newport (the "City") admits that Earth Tech, Inc., is a corporation with offices at 300 Oceangate Suite 700, Long Beach, California, 90802, and that it was formerly a subsidiary of Tyco International Ltd., which entered into a certain guarantee agreement with the City. Defendant City of Newport denies the remaining allegations contained in paragraph 14 of Plaintiffs' complaint.

15. Paragraph 15 of Plaintiffs' complaint is not directed at Defendant City of Newport and further calls for a legal conclusion.

**<u>The Newport System and Its Water Quality Impact</u>**

**A. Newport's Sanitary System**

16. Defendant City of Newport admits in part to the allegations contained in paragraph 16 of Plaintiffs' complaint. However, said Defendant denies the allegations relating to the average discharge into Newport Harbor.

17. Defendant City of Newport admits that during heavy rain, infiltration and inflow ("I & I") increases in the Newport System. Defendant City of Newport also admits that on

certain occasions, flows may be discharged, after chlorinization, through one or both of the Newport System's two permitted combined sewer outfalls, in events known as combined sewer overflows ("CSOs"). To the extent paragraph 17 contains any other allegations, Defendant City of Newport denies such allegations.

18. Defendant City of Newport admits that during heavy rain, infiltration and inflow ("I & I") increases in the Newport System. Defendant City of Newport also admits that on certain occasions, flows may be discharged, after chlorinization, through one or both of the Newport System's two permitted combined sewer outfalls, in events known as combined sewer overflows ("CSOs"). To the extent paragraph 18 contains any other allegations, Defendant City of Newport denies such allegations.

**B. Newport's Storm Water System**

19. Defendant City of Newport admits that the City has a separate storm water system that discharges storm water to Newport Harbor and Easton's Bay in accordance with applicable law. To the extent that paragraph 19 of Plaintiffs' complaint contains any other allegations of fact, Defendant City of Newport denies such allegations.

20. Defendant City of Newport denies the allegations contained in paragraph 20 of Plaintiffs' complaint.

**C. Impact on Receiving Waters**

21. Defendant City of Newport admits to the allegations contained in paragraph 21 of Plaintiffs' complaint.

22. Defendant City of Newport admits to the allegations contained in paragraph 22 of Plaintiffs' complaint.

23. Defendant City of Newport denies the allegations contained in paragraph 23 of Plaintiffs' complaint.

24. Defendant City of Newport admits to the allegations contained in paragraph 24 of Plaintiffs' complaint.

25. Defendant City of Newport denies the allegations contained in paragraph 25 of Plaintiffs' complaint.

26. Defendant City of Newport denies the allegations contained in paragraph 26 of Plaintiffs' complaint.

27. Defendant City of Newport denies allegations contained in paragraph 27 of Plaintiffs' complaint but admits in part to the allegations that the "Rhode Island Department of Health posts the following warning about Easton's Beach and Atlantic Beach on its web site:

> The Department of Health discourages swimming, surfing and other full body contact activities at these beaches for a minimum of 24-hours after heavy rainfall. Heavy rains and discharges from storm water drains directly affect these waters. As a result, these waters may contain high levels of harmful bacteria that may cause illness after a heavy rain."

28. Defendant City of Newport denies the allegations contained in paragraph 28 of Plaintiffs' complaint.

**Background on the Water Clean Act**

29. Paragraph 29 of Plaintiffs' complaint calls for conclusion of law to which no answer is required. However, to the extent an answer is required Defendant City of Newport denies the same.

30. Paragraph 30 of Plaintiffs' complaint calls for conclusion of law to which no answer is required. However, to the extent an answer is required Defendant City of Newport denies the same.

31. Defendant City of Newport admits that it holds an individual RIPDES permit for discharges to Newport Harbor from the Newport System and has coverage under a general RIPDES permit for storm water discharges. To the extent that paragraph 31 of Plaintiffs' complaint states conclusions of law, no response is required. To the extent that paragraph 31 of Plaintiff's complaint contains any other allegations that require a response Defendant City of Newport denies such allegations.

32. Paragraph 32 states conclusions of law to which no response is required. To the extent that Paragraph 32 contains any other allegations that require response, Defendant City of Newport denies such allegations.

33. Paragraph 33 states conclusions of law, to which no response is required. To the extent that Paragraph 33 contains any other allegations that require response, Defendant City of Newport denies such allegations.

**Newport's RIPDES Permits**

**A. The Individual Permit**

34. Defendant City of Newport admits that the it holds RIPDES Permit No. RI0100293 for the Newport System (the "Newport RIPDES Permit") and that a portion of the Newport RIPDES Permit took effect on January 1, 1998 (the "1998 Permit"). Further, Defendant City of Newport states that certain provisions of the 1998 Permit were stayed and superseded by Consent Agreement No. RIA-292 (the "1999 Consent Agreement") between the City and RIDEM, entered into on November 23, 1999. Defendant City of Newport also states that RIDEM issued a renewed RIPDES Permit on September 28, 2007 (the "2007 Permit") and that, in response to the City's administrative appeal, RIDEM agreed to stay certain provisions of the renewed permit. As that appeal proceeding is still pending before RIDEM, Defendant City of Newport denies that certain appealed provisions of the 2007 Permit are currently effective. Defendant City of Newport denies the remaining allegations of Paragraph 34 of Plaintiffs' complaint.

35. Defendant City of Newport admits to the allegations contained in paragraph 35 of Plaintiffs' complaint.

36. Defendant City of Newport admits to the allegations contained in paragraph 36 of Plaintiffs' complaint.

37. Defendant City of Newport admits that the City holds the Newport RIPDES Permit, which speaks for itself. To the extent paragraph 37 states conclusions of law, no response is required. However, to the extent it contains any other allegations that require a

response, Defendant City of Newport denies such allegations contained in paragraph 37 of Plaintiffs' complaint.

38. Defendant City of Newport denies the allegations contained in paragraph 38 of Plaintiffs' complaint.

39. To the extent paragraph 39 states conclusions of law, no response is required. However, to the extent it contains any other allegations that require a response, Defendant City of Newport denies such allegations contained in paragraph 39 of Plaintiffs' complaint.

40. Defendant City of Newport admits the allegations contained in paragraph 40 that the City and RIDEM entered into a 1999 Consent Agreement which resolved the City's appeal of certain provisions in the 1998 Permit and embodied an enforcement schedule established by RIDEM.

41. Defendant City of Newport denies the allegations contained in paragraph 41 of Plaintiffs' complaint.

42. Defendant City of Newport denies the allegations contained in paragraph 42 of Plaintiffs' complaint.

**B. The General Storm Water Permit**

43. Defendant City of Newport admits to the allegations contained in paragraph 43 of Plaintiffs' complaint.

44. Defendant City of Newport denies the allegations contained in paragraph 44 of Plaintiffs' complaint and states that the permit language therein speaks for itself.

## Count I

**Violation of Effluent Limitations in the Newport RIPDES Permit Governing the Newport WPCP**

45. Defendant City of Newport admits to the allegations that the Newport RIPDES Permit contains a number of requirements which speak for themselves. However, Defendant

City of Newport denies the remaining allegations contained in paragraph 45 of Plaintiffs' complaint.

46. Defendant City of Newport denies the allegations contained in paragraph 46 of Plaintiffs' complaint.

47. Defendant City of Newport denies the allegations contained in paragraph 47 of Plaintiffs' complaint.

48. Defendant City of Newport denies the allegations contained in paragraph 48 of Plaintiffs' complaint.

49. Paragraph 49 of Plaintiffs' complaint calls for conclusion of law to which no answer is required. However, to the extent that paragraph 49 contains allegations requiring a response, Defendant City of Newport denies same.

50. Defendant City of Newport admits to the allegation that Discharge Monitoring Reports ("DMRs") and Monthly Operating Reports were prepared and submitted to RIDEM and that they speak for themselves. Defendant City of Newport denies the remaining allegations of paragraph 50 of Plaintiffs' complaint.

51. Paragraph 51 of Plaintiffs' complaint states conclusions of law to which no response is required. To the extent that paragraph 51 contains any allegations requiring a response Defendant City of Newport denies such allegations.

52. Defendant City of Newport admits to the allegations in the first two sentences of Paragraph 52, but denies the remaining allegations of paragraph 52 of Plaintiffs' complaint.

53. Defendant City of Newport admits that the Newport RIPDES Permit contains a number of requirements, which speak for themselves; however, Defendant City of Newport denies the remaining allegations of paragraph 53 of Plaintiffs' complaint.

54. Defendant City of Newport admits that DMRs and Monthly Operating Reports were prepared but that they speak for themselves. Defendant City of Newport denies the remaining allegations of paragraph 54 of Plaintiffs' complaint.

55. Paragraph 55 of Plaintiffs' complaint requires no response. To the extent that paragraph 55 contains any allegations requiring a response Defendant City of Newport denies such allegations.

56. Defendant City of Newport admits that the Newport RIPDES Permit contains a number of requirements, which speak for themselves. To the extent that paragraph 56 of Plaintiffs' complaint contains any allegations requiring response Defendant City of Newport denies such allegations.

57. Defendant City of Newport admits that DMRs and Monthly Operating Reports were prepared but that they speak for themselves. Defendant City of Newport denies the remaining allegations of Paragraph 57 of Plaintiffs' complaint.

58. Defendant City of Newport admits that the Newport RIPDES Permit contains a number of requirements, which speak for themselves. To the extent that paragraph 58 of Plaintiffs' complaint contains any allegations requiring a response Defendant City of Newport denies such allegations.

59. Defendant City of Newport admits that DMRs and Monthly Operating Reports were prepared and submitted to RIDEM and that they speak for themselves. Defendant City of Newport denies the remaining allegations of paragraph 59 of Plaintiffs' complaint.

60. Paragraph 60 of Plaintiffs' complaint states conclusions of law to which no response is required. To the extent that Paragraph 60 of Plaintiffs' complaint contains any allegations requiring response, Defendant City of Newport denies such allegations.

## Count II

### Failure to Meet the Monitoring and Percentage Removal Requirements in the Newport RIPDES Permit Governing the Wellington CSO Facility

61. Defendant City of Newport hereby incorporates by reference, as if fully set forth herein, its answers and responses to paragraphs 1 through 60 above.

62. Defendant City of Newport admits that the Newport RIPDES Permit contains a number of requirements which speak for themselves. Further, Defendant City of Newport states that requirements described in paragraph 62 is subject to the provisions of the 1999 Consent Agreement which superseded the related provisions of the 1998 Permit, and that the related provisions of the 2007 Permit are stayed pending the City's appeal. Defendant City of Newport denies the remaining allegations of paragraph 62 of Plaintiffs' complaint.

63. Defendant City of Newport admits that the Newport RIPDES Permit contains a number of requirements which speak for themselves. Further, Defendant City of Newport states that requirements described in paragraph 63 is subject to the provisions of the 1999 Consent Agreement which superseded the related provisions of the 1998 Permit, and that the related provisions of the 2007 Permit are stayed pending the City's appeal. Defendant City of Newport denies the remaining allegations of paragraph 63 of Plaintiffs' complaint.

64. Defendant City of Newport admits that the Newport RIPDES Permit contains a number of requirements which speak for themselves. Further, Defendant City of Newport states that requirements described in paragraphs 64 is subject to the provisions of the 1999 Consent Agreement which superseded the related provisions of the 1998 Permit, and that the related provisions of the 2007 Permit are stayed pending the City's appeal. Defendant City of Newport denies the remaining allegations of paragraph 64 of Plaintiffs' complaint.

65. With respect to conclusions of law in paragraph 65, no response is required. Defendant City of Newport denies the remaining allegations of paragraph 65 of Plaintiffs' complaint.

66. With respect to conclusions of law in paragraph 66, no response is required. Defendant City of Newport denies the remaining allegations of paragraph 66 of Plaintiffs' complaint.

67. With respect to conclusions of law in paragraph 67, no response is required. Defendant City of Newport denies the remaining allegations of paragraph 67 of Plaintiffs' complaint.

## COUNT III

### Failure to Meet the Percentage Removal Requirements in the Newport RIPDES Permit for the Long Wharf/Washington Street Flow

68. Defendant City of Newport hereby incorporates by reference, as if fully set forth herein, its answers and responses to paragraphs 1 through 67 above.

69. Defendant City of Newport admits that the Newport RIPDES Permit contains a number of requirements, which speak for themselves. Defendant City of Newport denies the remaining allegations of paragraph 69 of Plaintiffs' complaint.

70. Defendant City of Newport admits that the Newport RIPDES Permit contains a number of requirements, which speak for themselves. Defendant City of Newport denies the remaining allegations of paragraph 69 of Plaintiffs' complaint.

71. Paragraph 71 of Plaintiffs' complaint states conclusions of law to which no response is required. To the extent that paragraph 71 contains any allegations requiring a response Defendant City of Newport denies such allegations.

72. Defendant City of Newport denies the allegations contained in paragraph 72 of Plaintiffs' complaint.

## COUNT IV

### Failure to Meet the Percentage Removal Requirements in the Newport RIPDES Permit for the Washington CSO Facility

73. Defendant City of Newport hereby incorporates by reference, as if fully set forth herein, its answers and responses to paragraphs 1 through 72 above.

74. Defendant City of Newport admits that the Newport RIPDES Permit contains a number of requirements, which speak for themselves. Further, Defendant City of Newport states that requirements described in paragraph 74 are subject to the provisions of the 1999 Consent Agreement which superseded the related provisions of the 1998 Permit and that the related provisions of the 2007 Permit are stayed pending the City's appeal. Defendant City of Newport denies the remaining allegations of paragraph 74 of Plaintiffs' complaint.

75. Defendant City of Newport denies the allegations contained in paragraph 75 of Plaintiffs' complaint.

76. Defendant City of Newport denies the allegations contained in paragraph 76 of Plaintiffs' complaint.

77. Paragraph 77 of Plaintiffs' complaint states conclusions of law to which no response is required. To the extent that paragraph 77 contains any allegations requiring a response Defendant City of Newport denies such allegations.

78. Paragraph 78 of Plaintiffs' complaint states conclusions of law to which no response is required. To the extent that paragraph 71 contains any allegations requiring a response Defendant City of Newport denies such allegations.

## COUNT V

### Failure to Reduce the Magnitude and Frequency of CSOs as Required by the Newport RIPDES Permit

79. Defendant City of Newport hereby incorporates by reference, as if fully set forth herein, its answers and responses to paragraphs 1 through 78 above.

80. Defendant City of Newport admits that the Newport RIPDES Permit contains a number of requirements, which speak for themselves. Defendant City of Newport denies the remaining allegations in paragraph 80 of Plaintiffs' complaint.

81. Defendant City of Newport is without knowledge of the allegations contained in paragraph 81 of Plaintiffs' complaint.

82. Defendant City of Newport denies the allegations contained in paragraph 82 of Plaintiffs' complaint.

83. As to the first sentence of paragraph 83 concerning Plaintiffs' state of awareness, Defendant City of Newport is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same. Defendant City of Newport denies the allegations in the second sentence in paragraph 83 of Plaintiffs' complaint.

## COUNT VI

**Failure to Operate the WPCP at Maximum Treatable Flow During Wet Weather as Required by the Newport RIPDES Permit**

84. Defendant City of Newport hereby incorporates by reference, as if fully set forth herein, its answers and responses to paragraphs 1 through 83 above.

85. Defendant City of Newport admits that the Newport RIPDES Permit contains a number of requirements, which speak for themselves. Defendant City of Newport denies the remaining allegations of paragraph 85 of Plaintiffs' complaint.

86. Defendant City of Newport denies the allegations contained in paragraph 86 of Plaintiffs' complaint.

87. Defendant City of Newport denies the allegations contained in paragraph 87 of Plaintiffs' complaint.

88. Defendant City of Newport admits that a flow optimization study has been submitted to RIDEM but denies the remaining allegations in paragraph 88 of Plaintiffs' complaint.

89. Defendant City of Newport is without knowledge of the allegations contained in paragraph 89 of Plaintiffs' complaint.

## COUNT VII

**Failure to Operate and Improve the Sewer System to Minimize the Discharge of Pollutants from CSOs as Required by the Newport RIPDES Permit**

90. Defendant City of Newport hereby incorporates by reference as if fully set forth herein, its answers and responses to paragraphs 1 through 89 above.

91. Defendant City of Newport states that the Newport RIPDES Permit contains a number of requirements which speak for themselves but denies the remaining allegations in paragraph 91 of Plaintiffs' complaint.

92. Defendant City of Newport denies the allegations contained in paragraph 92 of Plaintiffs' complaint.

93. Defendant City of Newport denies the allegations contained in paragraph 93 of Plaintiffs' complaint.

94. Defendant City of Newport denies the allegations contained in paragraph 93 of Plaintiffs' complaint.

## COUNT VIII

**Failure to Timely Develop and Submit a Long-Term CSO Control Plan as Required by the Newport RIPDES Permit**

95. Defendant City of Newport hereby incorporates by reference, as if fully set forth herein, its answers and responses to paragraphs 1 through 94 above.

96. Defendant City of Newport admits that the Newport RIPDES Permit contains a number of requirements which speak for themselves. Defendant City of Newport denies the remaining allegations of paragraph 96 of Plaintiffs' complaint.

97. With respect to conclusions of law in paragraph 97, no response is required. To the extent that paragraph 97 contains any allegations requiring a response Defendant City of Newport denies such allegations.

98. Defendant City of Newport denies the allegations contained in paragraph 98 of Plaintiffs' complaint.

99. Defendant City of Newport admits that a long-term CSO control plan is being prepared in accordance with the schedule and requirements set forth in the 1999 Consent Agreement and in accordance with comments from RIDEM, which plan prioritizes improvements in areas near the Wellington CSO outfall. Defendant City of Newport denies the remaining allegations in paragraph 99 of Plaintiffs' complaint.

100. Defendant City of Newport admits that a long-term CSO control plan is being prepared in accordance with the schedule and requirements set forth in the 1999 Consent

Agreement and in accordance with comments from RIDEM, which plan prioritizes improvements in areas near the Wellington CSO outfall. Defendant City of Newport denies the remaining allegations in paragraph 100 of Plaintiffs' complaint.

## COUNT IX

### Failure to Minimize Infiltration and Inflow to the Sewer System as Required by the Newport RIPDES Permit

101. Defendant City of Newport hereby incorporates by reference, as if fully set forth herein, its answers and responses to paragraphs 1 through 100 above.

102. Defendant City of Newport admits that the Newport RIPDES Permit contains a number of requirements which speak for themselves. Defendant City of Newport denies the remaining allegations of paragraph 102.

103. Defendant City of Newport denies the allegations contained in paragraph 103 of Plaintiffs' complaint.

104. Defendant City of Newport admits the allegations contained in paragraph 104 of Plaintiffs' complaint.

105. Defendant City of Newport admits the allegations contained in paragraph 105 of Plaintiffs' complaint.

106. Defendant City of Newport denies the allegations contained in paragraph 106 of Plaintiffs' complaint.

## COUNT X

### Failure to Minimize and Prevent Discharges Likely to Adversely Affect Human Health or the Environment as Required by the Newport RIPDES Permit

107. Defendant City of Newport hereby incorporates by reference, as if fully set forth herein, its answers and responses to paragraphs 1 through 106 above.

108. Defendant City of Newport admits that the Newport RIPDES Permit contains a number of requirements which speak for themselves. Defendant City of Newport denies the remaining allegations of paragraph 108 of Plaintiffs' complaint.

109. Defendant City of Newport denies the allegations contained in paragraph 109 of Plaintiffs' complaint.

110. Defendant City of Newport denies the allegations contained in paragraph 110 of Plaintiffs' complaint.

111. Defendant City of Newport denies the allegations contained in paragraph 111 of Plaintiffs' complaint.

112. Defendant City of Newport denies the allegations contained in paragraph 112 of Plaintiffs' complaint.

113. Defendant City of Newport denies the allegations contained in paragraph 113 of Plaintiffs' complaint.

114. Defendant City of Newport denies the allegations contained in paragraph 114 of Plaintiffs' complaint.

115. Defendant City of Newport denies the allegations contained in paragraph 115 of Plaintiffs' complaint.

## COUNT XI

### Violation of Narrative Water Quality Standards In Violation of the Newport RIPDES Permit

116. Defendant City of Newport hereby incorporates by reference, as if fully set forth herein, its answers and responses to paragraphs 1 through 115 above.

117. Defendant City of Newport admits that the Newport RIPDES Permit contains a number of requirements which speak for themselves. Defendant City of Newport further states that requirements described in denies the remaining allegations of paragraph 117 are subject to

the provisions of the 1999 Consent Agreement, which superseded the related provisions of the 1998 Permit and that the related provisions of the 2007 Permit are stayed pending the City's appeal. Defendant City of Newport however, denies the remaining allegations of Paragraph 117.

118. Defendant City of Newport denies the allegations contained in paragraph 118 of Plaintiffs' complaint.

119. Defendant City of Newport denies the allegations contained in paragraph 119 of Plaintiffs' complaint.

**COUNT XII**

**Failure to Determine the Nature and Duration of Harmful Conditions Due to CSO Events as Required by the Newport RIPDES Permit**

120. Defendant City of Newport hereby incorporates by reference, as if fully set forth herein, its answers and responses to Paragraphs 1 through 119 above.

121. Defendant City of Newport admits that the Newport RIPDES Permit contains a number of requirements, which speak for themselves. Defendant City of Newport denies the remaining allegations of Paragraph 121.

122. Defendant City of Newport denies the allegations contained in paragraph 122 of Plaintiffs' complaint.

123. Defendant City of Newport denies the allegations contained in paragraph 123 of Plaintiffs' complaint.

124. Defendant City of Newport denies the allegations contained in paragraph 124 of Plaintiffs' complaint.

## COUNT XIII

### Failure to Characterize CSO Impacts and the Efficacy of CSO Controls as Required by the Newport RIPDES Permit

125. Defendant City of Newport hereby incorporates by reference, as if fully set forth herein, its answers and responses to Paragraphs 1 through 124 above.

126. Defendant City of Newport admits that the Newport RIPDES Permit contains a number of requirements which speak for themselves. Defendant City of Newport denies the remaining allegations of Paragraph 126.

127. Defendant City of Newport denies the allegations contained in paragraph 127 of Plaintiffs' complaint.

128. Defendant City of Newport denies the allegations contained in paragraph 128 of Plaintiffs' complaint.

129. Defendant City of Newport admits that Metcalf and Eddy prepared a document entitled "Report on the Marine CSO Monitoring Program" in or about March 1994, which document speaks for itself. Defendant City of Newport denies the remaining allegations in Paragraph 129.

130. Defendant City of Newport admits to the allegations contained in paragraph 130 of Plaintiffs' complaint.

131. Defendant City of Newport denies the allegations contained in paragraph 131 of Plaintiffs' complaint.

## COUNT XIV

### Discharges of Storm Water Mixed with Non-Storm Water in Violation of General Storm Water Permit

132. Defendant City of Newport hereby incorporates by reference, as if fully set forth herein, its answers and responses to Paragraphs 1 through 131 above.

133. Defendant City of Newport admits that the General Permit contains a number of requirements which speak for themselves. Defendant City of Newport denies the remaining allegations of Paragraph 133.

134. Defendant City of Newport denies the allegations contained in paragraph 134 of Plaintiffs' complaint.

135. Defendant City of Newport admits that the General Permit contains a number of requirements which speak for themselves. Defendant City of Newport denies the remaining allegations of Paragraph 135.

136. With respect to conclusions of law in paragraph 136, no response is required. To the extent that paragraph 136 contains any allegations requiring a response Defendant City of Newport denies such allegations.

137. With respect to conclusions of law in paragraph 137, no response is required. To the extent that paragraph 137 contains any allegations requiring a response Defendant City of Newport denies such allegations.

## COUNT XV

### Violations of the Rhode Island Anti-Degradation Policy in Violation of the General Permit

138. Defendant City of Newport hereby incorporates by reference, as if fully set forth herein, its answers and responses to Paragraphs 1 through 137 above.

139. Defendant City of Newport admits that the General Permit contains a number of requirements which speak for themselves. Defendant City of Newport denies the remaining allegations of Paragraph 139.

140. Defendant City of Newport denies the allegations contained in paragraph 140 of Plaintiffs' complaint.

141. Defendant City of Newport denies the allegations contained in paragraph 141 of Plaintiffs' complaint.

142. Defendant City of Newport is without knowledge of the allegations contained in paragraph 142 of Plaintiffs' complaint but leaves Plaintiffs to their proof of the same.

143. Defendant City of Newport is without knowledge of the allegations contained in paragraph 143 of Plaintiffs' complaint but leaves Plaintiffs to their proof of the same.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction because the Plaintiffs do not have the requisite standing to maintain this action.

## THIRD AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction because all or some of the violations alleged in the complaint are wholly past and the Complaint fails to set forth a good faith allegation of continuous or intermittent violations by Defendant City of Newport, or a reasonable likelihood that such violations will continue in the future.

## FOURTH AFFIRMATIVE DEFENSE

Actions taken by EPA and/or RIDEM, including without limitation the issuance of the 1999 Consent Agreement, preclude or render moot Plaintiffs' claim for all or some of the alleged violations described in Plaintiffs' complaint.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are moot because there is no reasonable expectation that any wrong will be repeated by Defendant City of Newport.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint alleges violations of certain provisions of the Newport RIPDES Permit that were superseded by the 1999 Consent Agreement or that were stayed by RIDEM

pending the City's appeal of the 2007 Permit, and such provisions have never applied to Defendant City of Newport.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrines of primary jurisdiction and abstention.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they failed to provide proper notice of the alleged violations as required by the CWA and other applicable law

**NINETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, for their failure to join all necessary parties.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Complaint, in all its counts, is barred by and/or the relief requested in the Complaint is unavailable under the doctrines of laches, estoppel, waiver, unclean hands, accord and satisfaction, assumption of the risk, balancing of relative hardships, and other equitable doctrines.

WHEREFORE, Defendant City of Newport requests that this Court dismiss the Complaint against it, and grant to Defendant City of Newport such other and further relief as it deems just and appropriate.

DEFENDANT CITY OF NEWPORT
By his Attorney,

______________________________
Joseph J. Nicholson, Jr.
City Solicitor BR# 3164
Newport City Hall, 43 Broadway
Newport, RI 02840
(401) 845-5423

Dated: July ____ 2009

**CERTIFICATE OF SERVICE**

Service of the above answer, affirmative defenses of Defendant City of Newport, has been made through the court's ECF system on all those registered to receive ECF service.

/s/ Joseph J. Nicholson, Jr.
Joseph J. Nicholson, Jr.

Dated: July ____ 2009

**CERTIFICATE OF SERVICE**

I hereby certify that on the ____ day of July 2009, a copy the foregoing Answer was mailed to the following:

Karen Pelczarski, Esq.
**BLISH & CAVANAGH, LLP**
30 Exchange Terrace
Providence, RI 02903

Theresa Labriola, Esq. (*pro hac vice*)
Charles C. Caldart, Esq. (*pro hac vice*)
**NATIONAL ENVIRONMENTAL LAW CENTER**
44 Winter Street, 4th Floor
Boston, MA 02108

David A. Nicholas, Esq. (*pro hac vice*)
20 Whitney Road
Newton, MA 02460

John A. Daukas, Esq.
Gregory A. Bibler, Esq. (*pro hac vice*)
Christophe G. Courchesne, Esq. (*pro hac vice*)
**GOODWIN PROCTER, LLP**
Exchange Place
53 State Street
Boston, MA 02109

______________________________