UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

---

ENVIRONMENT RHODE ISLAND,
BURTON HOFFMAN, HENRY ROSEMONT, JR.,
DAVID WIXTED, and HENRY T. WROBEL,

Plaintiffs,

v. C.A. No. 08-265S

CITY OF NEWPORT, and EARTH TECH, INC.,

Defendants

---

**PLAINTIFFS' PRETRIAL CONFERENCE STATEMENT**

**Nature of the Case**

Plaintiffs are Newport residents and a citizens' group. They bring this citizen enforcement action against the City of Newport and its former wastewater treatment plant operator, Earth Tech, Inc., under Section 505 of the Clean Water Act (the "Act"), 33 U.S.C. § 1365, which authorizes citizens to enforce the Act. Newport is discharging pollutants into coastal waters in violation of its wastewater and storm water discharge permits. These permits were issued by the State of Rhode Island as part of the State's administration of the National Pollutant Discharge Elimination System ("NPDES"), the primary Clean Water Act program regulating discharges to surface waters. Newport's discharges pollute Newport Harbor and Easton's Bay, pose a public health threat, and result in frequent beach closings.

More specifically, Newport is violating two NPDES permits. One of these permits governs flows through Newport's sewer system, including (1) discharges from

Newport's wastewater treatment plant, and (2) sewer overflows that bypass the wastewater treatment plant and are released into Newport Harbor. These sewer overflows are often caused by the intrusion of rainfall or snow melt into the sewers, where it combines with domestic and industrial sewage to overtax the system. Newport's illegal discharges under this permit include violations of numeric limits on the wastewater treatment plant effluent that measure compliance with minimum pollutant removal requirements. These include limits for biochemical oxygen demand ("BOD"), BOD percentage removal, total suspended solids ("TSS"), TSS percentage removal, fecal coliform bacteria, and flow (discharge volume). Newport is also in violation of various provisions in this permit governing sewer overflows, including monitoring requirements, effluent limits for BOD percentage removal and TSS percentage removal, and a variety of requirements designed to prevent overflows. Earth Tech, a for-profit corporation that until recently operated Newport's sewer system and wastewater treatment plant as an outside contractor, was also named a permittee on this NPDES permit.

Newport's other NPDES permit governs storm water discharges. Storm water is urban runoff that picks up pollutants on the way to being channeled directly into surface waters (here Easton's Bay). Newport's illegal discharges under this point include violations of a requirement to comply with the State's anti-degradation policy for water quality standards, and a prohibition against mixing storm water with non-storm water. Earth Tech operated Newport's storm water system.

Plaintiffs seek an order declaring Newport to be in violation of its NPDES permits and enjoining Newport to comply with the terms of these permits. No monetary penalty

is sought against Newport for past violations. Plaintiffs seek a monetary penalty against Earth Tech for the NPDES permit violations occurring during the period it operated the sewer and storm water systems and wastewater treatment plant. San Francisco Baykeeper v. Tosco Corporation, 309 F.3d 1153 (9th Cir. 2002) (penalties available against former owner of refinery that violated its NPDES permit). Under Section 505(d) of the Act, 33 U.S.C. § 1365(d), Plaintiffs are entitled to their costs of litigation (including reasonable attorney and expert witness fees) if they prevail or substantially prevail, when the court determines such an award is appropriate.

**Elements of Claims**

Section 301 of the Act, 33 U.S.C. § 1311, makes it illegal to discharge any pollutant in violation of a NPDES permit. As explained in Mumford Cove Association, Inc. v. Town of Groton, 640 F. Supp. 392, 393-394 (D. Conn. 1986), a violation of Section 301 occurs when: (1) a person, (2) discharges a pollutant, (3) into navigable waters, (4) through a "point source," (5) while not in compliance with provisions of the Act, including NPDES permit standards.[1] Citizens may file suit to enforce a NPDES permit under Section 505 of the Act, 33 U.S.C. § 1365, so long as a permit holder's violations are "ongoing" at the time suit is filed. Gwaltney of Smithfield v. Chesapeake Bay Foundation, 484 U.S. 49 (1987). An ongoing violation may be proved "either (1) by proving violations that continue on or after the date the complaint is filed, or (2) by

---

[1] All five elements are satisfied here. Newport and Earth Tech are "persons" under the Act. 33 U.S.C. § 1362(5). Sewage effluent and storm water are considered "pollutants." 33 U.S.C. § 1362(6); Beartooth Alliance v. Crown Butte Mines, 904 F. Supp. 1168 (D. Mont. 1995). Newport Harbor and Easton's Bay are clearly "navigable waters." A point source is defined to include any discernible, confined and discrete conveyance, including a pipe, ditch, or channel. 33 U.S.C. § 1362(14). And, the NPDES permits are being violated.

adducing evidence from which a reasonable trier of fact could find a continuing likelihood of a recurrence in intermittent or sporadic violations." Chesapeake Bay Foundation v. Gwaltney of Smithfield, 844 F.2d 170, 171-172 (4th Cir. 1988), on remand from, 484 U.S. 49; Oregon State Public Interest Research Group v. Pacific Coast Seafoods Company, 361 F. Supp. 2d 1232, 1240 (D. Ore. 2005).[2]

A party is strictly liable for violating its NPDES permit. E.g., id; Mumford Cove, 640 F. Supp. at 395; see United States v. Earth Sciences, 599 F.2d 368, 374 (10th Cir. 1979).

With respect to assessing a penalty against Earth Tech, under Section 309(d) of the Act, 33 U.S.C. 1319(d):

> ...the court shall consider the seriousness of the violation or violations, the economic benefit (if any) resulting from the violation, any history of such violations, any good-faith efforts to comply with the applicable requirements, the economic impact of the penalty on the violator, and such other matters as justice may require.

[2] Both of these tests for establishing ongoing violations are satisfied here.

October 1, 2009

Respectfully submitted,

/s/ Karen A. Pelczarski

Karen Pelczarski, #3357
Blish & Cavanagh LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900 (phone)
(401) 751-7542 (fax)

Theresa Labriola
(admitted *pro hac vice*)
Charles C. Caldart
(admitted *pro hac vice*)
National Environmental Law Center
44 Winter Street, 4th Floor
Boston, Massachusetts 02108
(617) 747-4301 (phone)
(617) 292-8057 (fax)

David A. Nicholas
(admitted *pro hac vice*)
20 Whitney Road
Newton, Massachusetts 02460
(617) 964-1548 (phone)
(617) 663-6233 (fax)

Counsel for Plaintiffs
Environment Rhode Island
Burton Hoffman
Henry Rosemont, Jr.
David Wixted
Henry T. Wrobel

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of October, 2009, I cause the foregoing Plaintiffs' Pretrial Conference Statement to be electronically filed through the Court's ECF system to all counsel of record.

/s/ Karen A. Pelczarski