**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ENVIRONMENT RHODE ISLAND, *et al.*,** | ) | |
| **Plaintiffs,** | ) | |
| **and** | ) | |
| **UNITED STATES OF AMERICA and** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **STATE OF RHODE ISLAND by W. MICHAEL SULLIVAN, as Director, RHODE ISLAND DEPT. OF ENVIRONMENTAL MANAGEMENT,** | ) | **08-265S** |
| **Plaintiff-Intervenors,** | ) | |
| **v.** | ) | |
| **CITY OF NEWPORT, RHODE ISLAND** | ) | |
| **Defendant.** | ) | |

**COMPLAINT OF PLAINTIFF-INTERVENORS**
**UNITED STATES OF AMERICA AND STATE OF RHODE ISLAND**

Plaintiff-Intervenors, the United States of America, by the authority of the Attorney General, through its undersigned attorneys, and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), and the State of Rhode Island, by W. Michael Sullivan, Director of the Rhode Island Department of Environmental Management (“Rhode Island”), through its undersigned attorneys, allege as follows:

## INTRODUCTION

1. This is a civil action brought against the City of Newport, Rhode Island ("Newport" or the "Defendant") pursuant to Sections 309(b) and (d) of the Clean Water Act (the "CWA"), 33 U.S.C. §§ 1319(b) and (d).

2. The claims against the Defendant arise from its failure to comply with the CWA in the operation of the Newport Water Pollution Control Plant ("WPCP") and associated wastewater collection system ("Collection System").

3. Plaintiffs Environment Rhode Island et al., have previously filed a Complaint in this case or controversy, Civil Action No. 1:08-cv-00265-S-DLM, alleging almost identical violations of the CWA.

## JURISDICTION AND PARTIES

4. This Court has jurisdiction over the subject matter of this action pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and supplemental jurisdiction of the State law claims pursuant to 28 U.S.C. § 1367 because the State claims are so related to the federal claims as to form part of the same case or controversy.

5. Venue is proper in this district pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1395(a) because Defendant is located in this district, and because the violations alleged herein occurred in this judicial district.

6. Authority to bring this action is vested in the United States Department of Justice under 28 U.S.C. §§ 516 and 519.

7. Authority to bring this action is vested in the State of Rhode Island, by W.

Michael Sullivan, Director of the Rhode Island Department of Environmental Management under the Rhode Island Water Pollution Control Act, R.I.G.L. §46-12 et. seq.. In addition, Section 309(e) of the CWA, 33 U.S.C. § 1319(e) provides that a State in which a municipal defendant is located shall be joined as either a plaintiff or a defendant in a civil action brought by the United States.

8. As a signatory to this Complaint, Rhode Island has actual notice of the commencement of this civil action in accordance with Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

9. The United States reserves all claims which it may have against Rhode Island under Section 309(e).

**DEFENDANT**

10. The Defendant is a municipality created under Rhode Island law with jurisdiction over the disposal of sewage.

11. The Defendant is a "municipality" within the meaning of Section 502(4) of the CWA, 33 U.S.C. § 1362(4).

12. The Defendant is a "person" within the meaning of Section 502(5) of the CWA, 33 U.S.C. § 1362(5).

**CLEAN WATER ACT STATUTORY SCHEME**

13. The CWA is a comprehensive statute designed to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). To achieve that goal, Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of pollutants into navigable waters of the United States except in compliance with the terms and

conditions of, among other things, a National Pollutant Discharge Elimination System ("NPDES") permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342. The term "discharge of a pollutant" is defined as "any addition of any pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12).

14. Pursuant to the Rhode Island Water Pollution Control Act, R.I.G.L. §46-12-5(b), it is unlawful for any person to discharge any pollutant into the waters of the State, except as in compliance with any applicable rules and regulations and pursuant to the terms and conditions of a permit. According to R.I.G.L. §46-12-1(4), discharge means "the addition of any pollutant to the waters [of the State] from any point source."

15. Section 402 of the CWA, 33 U.S.C. § 1342, establishes the NPDES permit program and authorizes EPA to issue permits for the discharge of pollutants into navigable waters. Administration of the NPDES permit program was duly delegated to the State of Rhode Island, through the Rhode Island Department of Environmental Management ("RIDEM"), on September 17, 1984, pursuant to Section 402(b) of the CWA, 33 U.S.C. § 1342(b).

16. The Defendant is permitted to discharge pollutants from the WPCF Outfall (designated Outfall No. 001A) and from three Combined Sewer Overflow ("CSO") outfall structures in the Collection System, the "Washington Street CSO Outfall" (designated Outfall No. 010A), the "Long Wharf CSO Outfall" (designated Outfall No. 003A), and the "Wellington Avenue CSO Outfall" (designated Outfall 007A), all to Narragansett Bay.

17. The Defendant also occasionally discharges pollutants from unauthorized points in the Collection System.

18. The WPCP Outfall (No. 001A), the Washington Street CSO Outfall (Outfall No.

010A), the Long Wharf CSO Outfall (Outfall 003A), the Wellington Avenue CSO Outfall (Outfall 007A), and the unpermitted discharge points in the Collection System, are all "point sources" within the meaning of Section 502(14) of the CWA, 33 U.S.C. § 1362(14).

19. Narragansett Bay is a "navigable water of the United States" within the meaning of Section 502(7) of the CWA, 33 U.S.C. § 1362(7).

20. The RIDEM issued an NPDES permit to Newport in 1997, with an effective date of January 1, 1998 (the "1997 Permit").

21. The RIDEM reissued a NPDES permit to Newport and Earth Tech, Inc., the Defendant's contract operator, in 2007, with an effective date of December 1, 2007 (the "2007 Permit").

22. Both the 1997 and 2007 Permits authorized the Defendant to discharge wastewater from the WPCP Outfall (No. 001A), the Washington Street CSO Outfall (Outfall No. 010A), the Long Wharf CSO Outfall (Outfall 003A) and the Wellington Avenue CSO Outfall (Outfall 007A), to Narragansett Bay, subject to certain terms and conditions.

**CLAIMS FOR RELIEF**

**FIRST CLAIM - UNAUTHORIZED DISCHARGES**

23. The United States and Rhode Island reallege and incorporate by reference paragraphs 1 through 22 above as though fully set forth herein.

23. For at least the past five years, the Defendant has discharged untreated or partially treated sewage, a pollutant within the meaning of Section 502(6) of the CWA, 33 U.S.C. § 1362(6), to Narragansett Bay, a navigable water of the United States, through a number of point sources other than those authorized by the 1997 or 2007 Permits, including, but not limited to,

discharge points located in Newport at (a) the intersection of Southmayd Street and Butler Street; (b) the intersection of Homer Street and Garfield Street; (c) the Goat Island Causeway; (d) Dyre Steet; (e) Connell Highway; (f) Ruggles Avenue; (g) Bliss Mine Road; (h) the Long Wharf pump station; (i) Admiral Kalbfus Road; (j) Maple Avenue; and (k) the intersection of America's Cup Blvd. and Elm Street.

24. For each day the Defendant discharged untreated or partially treated sewage to Narragansett Bay from a point source not in accordance with the terms and conditions of its 1997 or 2007 Permits, the Defendant discharged pollutants from a point source to a navigable water of the United States in violation of Section 301(a) of the CWA, 33 U.S.C. § 1311(a).

25. Each of the violations described above is also a violation of the Rhode Island Water Pollution Control Act, R.I.G.L.§46-12-5.

26. Pursuant to Section 309(b) and (d) of the CWA, 33 U.S.C. §§ 1319(b) and (d), and the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, and regulations promulgated thereunder, any person who discharges pollutants not in accordance with the terms and conditions of a NPDES permit issued under Section 402 of the CWA, 33 U.S.C. § 1342, is liable for injunctive relief and for civil penalties not to exceed $32,500 per day for each violation per day occurring after March 15, 2004 but prior to and including January 12, 2009, and $37,500 per day for each violation per day occurring after January 12, 2009.

## <u>SECOND CLAIM - CSO VIOLATIONS</u>

27. The United States and Rhode Island reallege and incorporates by reference the allegations in paragraphs 1 through 26 above as though fully set forth herein.

28. The 1997 and 2007 Permits contain percent removal effluent requirements for

5-day Biochemical Oxygen Demand ("BOD") and Total Suspended Solids ("TSS") that the Defendant may discharge to Narragansett Bay from the Washington Street CSO Outfall (Outfall No. 010A) and the Wellington Avenue CSO Outfall (Outfall No. 007A).

29. BOD and TSS are pollutants within the meaning of Section 502(6) of the CWA, 33 U.S.C. § 1362(6).

30. For at least the past five years, the Defendant has periodically discharged to Narragansett Bay from the Washington Street CSO Outfall and Wellington Avenue CSO Outfall wastewater with effluent levels that violate the percent removal requirements for BOD and TSS of the 1997 and 2007 Permits.

31. By discharging untreated and/or partially treated wastewater to Narragansett Bay from the Washington Street CSO Outfall and Wellington Avenue CSO Outfall that contained pollutants in violation of the effluent limitations and conditions in the 1997 and 2007 Permits, the Defendant violated the 1997 and 2007 Permits and Section 301(a) of the CWA, 33 U.S.C. § 1311(a) on each day that the Defendant discharged such wastewater containing pollutants in excess of the applicable effluent limitation.

32. Each of the violations described above is also a violation of the Rhode Island Water Pollution Control Act, R.I.G.L.§46-12-5.

33. Pursuant to Section 309(b) and (d) of the CWA, 33 U.S.C. §§ 1319(b) and (d), and the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, any person who violates Section 301 of the CWA, 33 U.S.C. § 1311, or any condition or limitation in a permit issued under Section 402 of the CWA, 33 U.S.C. § 1342, is liable for injunctive relief and for civil penalties not to exceed $32,500 per day for each violation per day occurring after March 15,

2004 but prior to and including January 12, 2009, and $37,500 per day for each violation per day occurring after January 12, 2009.

**THIRD CLAIM - NPDES PERMIT VIOLATIONS AT WPCP**

34. The United States and Rhode Island reallege and incorporate by reference the allegations of paragraphs 1 through 33 above as though fully set forth herein.

35. The 1997 and 2007 Permits contain, among other things, effluent limitations on the concentration and quantity of BOD and TSS, concentration of Total Residual Chlorine ("TRC"), and number of fecal coliform, and requirements on the percent removal for BOD and TSS, that the Defendant may discharge to Narragansett Bay from the WPCP Outfall (Outfall No. 001A).

36. BOD, TSS, TRC, and fecal coliform are pollutants within the meaning of Section 502(6) of the CWA, 33 U.S.C. § 1362(6).

37. For at least the past five years, the City discharged wastewater to Narragansett Bay from the WPCP Outfall that periodically contained pollutant concentrations and quantities of BOD and TSS, concentrations of the TRC, numbers of fecal coliform, and percent removal amounts for BOD and TSS that exceeded the limitations for these pollutants in the applicale 1997 and 2007 Permits.

38. By discharging effluent that contains pollutants that exceeded the effluent limitations and conditions in the 1997 and 2007 Permits, the Defendant violated the 1997 and 2007 Permits and Section 301(a) of the CWA, 33 U.S.C. § 1311(a).

39. Each of the violations described above is also a violation of the Rhode Island Water Pollution Control Act, R.I.G.L.§46-12-5.

40. Pursuant to Section 309(b) and (d) of the CWA, 33 U.S.C. §§ 1319(b) and (d), and the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, any person who violates Section 301 of the CWA, 33 U.S.C. § 1311, or any condition or limitation in a permit issued under Section 402 of the CWA, 33 U.S.C. § 1342, is liable for injunctive relief and for civil penalties not to exceed $32,500 per day for each violation per day occurring after March 15, 2004 but prior to and including January 12, 2009, and $37,500 per day for each violation per day occurring after January 12, 2009.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, the United States of America and the State of Rhode Island, respectfully requests that the Court grant the following relief:

1. Order the Defendant to eliminate combined sewer overflow outfalls from the Collection System that violate the 2007 Permit and, as applicable, the 1997 Permit, or cause violations of water quality standards in Narragansett Bay;

2. Order the Defendant to eliminate unauthorized overflows from the Collection System that violate the 2007 Permit and, as applicable, the 1997 Permit, or cause violations of water quality standards in Narragansett Bay;

3. Order the Defendant to make improvements to its WPCP or take such other action as necessary to comply with effluent limitations and other conditions in the 2007 Permit and, as applicable, the 1997 Permit;

4. Order the Defendant to operate the WPCP to maximize pollutant removal;

5. Order the Defendant to pay a civil penalty not to exceed $32,500 per day for each

violation occurring after March 15, 2004 but prior to and including January 12, 2009, and $37,500 per day for each violation occurring after January 12, 2009; and

6. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

/s/ Jerome W. MacLaughlin
JEROME W. MACLAUGHLIN
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044
(202) 616-7162
jerry.maclaughlin@usdoj.gov

PETER F. NERONHA
United States Attorney
District of Rhode Island

LY T. CHIN
Assistant United States Attorney
District of Rhode Island
Fleet Center, 50 Kennedy Plaza, 8th Floor,
Providence, Rhode Island 02903

W. MICHAEL SULLIVAN
Director
Rhode Island Department of
Environmental Management

/s/ Marisa A. Desautel
MARISA A. DESAUTEL
Rhode Island Department of
Environmental Management
Office of Legal Services
235 Promenade Street, Fourth Floor
Providence, RI 02908
(401) 222-6607

OF COUNSEL:

TONIA BANDROWICZ
Office of Environmental Stewardship
U.S. Environmental Protection Agency, Region I
1 Congress St., Suite 1100, SEL
Boston, MA 02114-2023

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Complaint, was filed electronically with this Court on September 23, 2010. Notice of this filing will be sent by operation of the Court's electronic filing system to all registered participants and by first class mail to all other parties.

s/ Jerome W. MacLaughlin
JEROME W. MACLAUGHLIN
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044
(202) 616-7162
jerry.maclaughlin@usdoj.gov