**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**ENVIRONMENT RHODE ISLAND, ET AL.,**

**Plaintiff,**

**UNITED STATES OF AMERICA,**

**Plaintiff-Intervenor,**

**STATE OF RHODE ISLAND,**

**Plaintiff-Intervenor,**

**v.**

**CITY OF NEWPORT, RHODE ISLAND,**

**Defendant.**

**CIVIL ACTION NO. 08-265S**

## CONSENT DECREE MODIFICATION

WHEREAS, Plaintiffs Environment Rhode Island, Burton Hoffman, Henry Rosemont, Jr., David Wixted, and Henry T. Wrobel (collectively "Citizen Plaintiffs"), filed an action under the citizen suit provisions of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251 *et seq*., alleging that the City of Newport, Rhode Island ("City," "Newport," or "Defendant") and Earth Tech, Inc. violated Section 301(a) of the CWA, 33 U.S.C. § 1311(a), by discharging pollutants into waters of the United States from its Water Pollution Control Plant ("WPCP") and wastewater collection system ("Collection System") in violation of National Pollutant Discharge Elimination System ("NPDES") Permit No. RI0100293, issued to Newport by the Rhode Island Department of Environmental Management ("RI DEM") and known as a Rhode Island Pollutant Discharge Elimination System Permit ("RIPDES Permit"), and by discharging stormwater in violation of

the Rhode Island General Permit for Storm Water Discharge from Small Municipal Separate Storm Sewer Systems, RIPDES No. RIR040000 ("General Storm Water Permit");

WHEREAS, Section 309(e) of the CWA, 33 U.S.C. § 1319(e), requires that, whenever the United States brings a civil enforcement action against a municipality under Section 309 of the CWA, 33 U.S.C. § 1319, the state in which the municipality is located shall be joined as a party;

WHEREAS, Plaintiff, the United States of America ("United States"), on behalf of the United States Environmental Protection Agency ("EPA"), and the RI DEM, on behalf of Rhode Island ("Rhode Island" or the "State") (collectively, "Government Plaintiffs") filed a Motion to Intervene in the citizen suit to protect the interests of the United States and Rhode Island in the uniform and effective application of federal and state environmental laws, and that Motion to Intervene was granted by the Court and the United States and Rhode Island filed a Complaint against the Defendant;

WHEREAS, the United States' and Rhode Island's Complaint alleges that the Defendant violated and continues to violate Section 301(a) of the CWA, 33 U.S.C. § 1311(a), and the Rhode Island Water Pollution Control Act, R.I.G.L. §§ 46-12, *et seq.* ("Rhode Island Act"), by discharging pollutants into waters of the United States from its WPCP and Collection System in violation of the Newport RIPDES Permit, and by discharging pollutants into waters of the United States without authorization under any RIPDES permit or any other provision of the CWA;

WHEREAS, Citizen Plaintiffs resolved the civil claims alleged in their Complaint against Earth Tech, Inc. (now known as AECOM Technical Services, Inc.) and the Court dismissed Citizen Plaintiffs' claims against Earth Tech, Inc. on April 15, 2010 (Docket No. 27);

WHEREAS, the Citizen and Government Plaintiffs resolved the civil claims alleged in their Complaints against Newport, and the Court entered a Consent Decree in this matter on October 18, 2011, requiring, among other things, that the City undertake studies and develop and implement improvements to its WPCP and Collection System;

WHEREAS, the Consent Decree specifically required the City to evaluate and recommend improvements to address combined sewer overflows ("CSOs") from the Wellington Avenue CSO Facility and the Washington Street CSO Facility (collectively, "CSO Facilities") in its Collection System, including, as appropriate, upgrades to its WPCP and Collection System, public and private infiltration and inflow removal programs, and other measures, including in-line and off-line storage;

WHEREAS, the Consent Decree also specifically required the City to prepare a Collection System Capacity Assessment ("Capacity Assessment") and, if it was determined during the development of the Capacity Assessment that the City's proposed collection system replacement and rehabilitation measures, infiltration and inflow removal programs, and WPCP flow optimization efforts alone would be insufficient to eliminate CSOs, to also develop a System Master Plan, which would evaluate other measures to eliminate CSOs, including, but not limited to, implementation of Chemically Enhanced Primary Treatment, off-line and in-line storage, increasing the design flow of the WPCP, and pump-back storage. The System Master Plan functionally serves as a CSO long-term control plan;

WHEREAS, paragraph 66 of the Consent Decree requires complete implementation of the recommended measures and remedial work of the Capacity Assessment and, if appropriate, the System Master Plan, by no later than June 30, 2018 "unless, based on the review and

regulatory [a]pproval of the [remedial] recommendations, an alternative end date is agreed to by the Parties;"

WHEREAS, the June 30, 2018 date for completing implementation of recommended measures and remedial work in Paragraph 66 of the Consent Decree was based on information available to the Parties at the time the Consent Decree was negotiated;

WHEREAS, at the time the Consent Decree was negotiated, there were uncertainties regarding the full extent of the sewer separation work that had been conducted in the 1970s and whether the City was still served by a combined sewage system;

WHEREAS, since the entry of the Consent Decree, new information has become available, including information leading EPA to determine that the City is in fact served by a combined sewage system;

WHEREAS, as a combined sewerage system, the City is subject to *EPA's Combined Sewer Overflow (CSO) Control Policy* (Federal Register ,Vol. 59, No. 75, April 19, 1994) ("CSO Policy"), which provides guidance on the minimum requirements for addressing CSOs and allows, for combined systems, the development of a long term control plan for addressing CSOs;

WHEREAS, on November 30, 2012, in accordance with the terms of the Consent Decree, the City submitted a Collection System Capacity Assessment and System Master Plan (collectively, "Master Plan") that proposed the following high level remedial measures:

- Disconnecting or removing private and public inflow sources to achieve a 50 percent reduction in rainfall-derived inflow;
- Upgrading the WPCP to increase the wet weather capacity to 30 MGD.

- Raising six existing weirs in the collection system: five weirs by 1.5 feet along the twin 54-inch diameter sewer on Long Wharf Mall and one weir by 1.2 feet in the overflow pipe on Wellington Avenue from the Thames Street Interceptor;
- Installing a new 3.5-MGD pump station on Van Zandt Avenue near the railroad to reroute flows currently going to the Long Wharf Pump Station directly to the Long Wharf force main and the WPCP;
- Upsizing sanitary pumps at the Wellington Avenue CSO Facility to 5.6MGD and upsizing the existing force main to convey the additional flows;
- Modifying the existing CSO treatment at the Washington Street CSO Facility by adding dechlorination, including installing chemical storage and dosing units; and
- Installing new or upgrading existing stormwater conveyance pipes as needed to convey stormwater volumes associated with inflow reduction. The length of conveyance pipe may vary depending upon factors such as the location of inflow reductions, the volumes generated, and the implementation and effectiveness of green infrastructure within the City ;

WHEREAS, a November 26, 2013, memorandum entitled *Newport CSO LTCP Implementation (Project #10-039); Task 27D – Regulatory Support, Quantification of Early SMP Improvements* prepared by the City's consultant CH2M Hill indicates that early in the proposed schedule, after implementation by 2019 of collection system improvements to improve conveyance to the WPCP and capital improvements to increase the wet weather capacity at the WPCP, CSO activations in a typical year are projected to significantly decrease.

WHEREAS, in accordance with the Consent Decree, the City proposed a detailed schedule for CSO mitigation in the System Master Plan that includes a June 30, 2033, end date;

WHEREAS, Citizen and Government Plaintiffs have determined that, in addition to a high level of final control, the City is proposing remedial work that is projected to result in significant reductions in the number of CSO activations by 2019, following implementation of earlier phases of CSO control;

WHEREAS, Citizen and Government Plaintiffs have determined that the new information noted above, the high level of control proposed by the City, the affordability analysis, and the commitment to the additional measures detailed below, warrant a change in the June 30, 2018, end date in paragraph 66 of the Consent Decree;

WHEREAS, EPA conditionally approved the City's Master Plan on November 20, 2013, subject to judicial approval of modification of the end date for the completion of the implementation of the Master Plan, and subject to the City addressing issues raised by the RI DEM, including installation of dechlorination at the Wellington Avenue CSO Facility; an evaluation of future increases in sanitary flow contributed by the City, the Town of Middletown, and the Navy; and an evaluation of the peak flows that can be effectively treated at the WPCP under the various stages of Master Plan implementation;

WHEREAS, the Court has jurisdiction over the subject matter of this action and over the Parties to this Modification pursuant to Paragraphs 2 and 120 of the Consent Decree;

WHEREAS, pursuant to Paragraph 121 of the Consent Decree, material modifications of the Consent Decree may be made by written agreement of the Parties, and shall be effective only upon approval of the Court; and

WHEREAS, Citizen and Government Plaintiffs and the Defendant recognize and agree,

and the Court by entering this Consent Decree Modification finds, that this Modification is fair, reasonable, and in the public interest, and is consistent with *EPA's Combined Sewer Overflow (CSO) Control Policy.*

NOW, THEREFORE, it is hereby Ordered, Adjudged, and Decreed that:

1. The following Paragraph is hereby substituted for Paragraph 66 of the Consent Decree:

"By letter dated November 20, 2013, the City's November 30, 2012, Collection System Capacity Assessment and System Master Plan was conditionally approved by EPA subject to approval of this modification."

2. The following Paragraph is hereby substituted for Paragraph 67 of the Consent Decree:

"The City shall complete implementation of the November 30, 2012, Master Plan as conditionally approved by EPA in accordance with the schedule therein, except as modified below, and in no event later than June 30, 2033:

a. Overall SMP Implementation

i. The City shall evaluate implementation of green infrastructure and other BMPs, consistent with the General Storm Water Permit, to address pollutant loads and flow-related impacts from stormwater during its design and implementation of stormwater separation projects that result in new stormwater outfall(s) and/or new stormwater inlet structure(s) and include such evaluations in its CSO Program reassessments. Such evaluations will identify the feasibility and cost effectiveness of alternatives to reduce the impact of stormwater from new stormwater outfalls or inlet structures on receiving waters, including measures to reduce stormwater flow and stormwater contamination.

ii. By June 30, 2020, complete and submit CSO Program reassessment #1, which includes an inflow program reassessment, to RIDEM for review, and to EPA for review and Approval. The reassessment shall evaluate the progress that has been made toward achieving the inflow removal estimates, CSO discharge volume reductions, and CSO discharge events projected for the specific design precipitation events and the typical annual precipitation record as presented in the November 26, 2013, memo from CH2M HILL to the City. The reassessment shall also include an update to the City's financial capability analysis;

iii. By June 30, 2025, complete and submit CSO Program reassessment #2, which includes an inflow program reassessment, to RIDEM for review, and to EPA for review and Approval. The reassessment shall evaluate the progress that has been made toward achieving the inflow removal estimates, CSO discharge volume reductions, and CSO discharge events projected for the specific design precipitation events and the typical annual precipitation record as presented in the November 26, 2013, memo from CH2M HILL to the City The reassessment shall also include an update to the City's financial capability analysis;

iv. By June 30, 2033, complete and submit CSO Program reassessment #3, which includes an inflow program reassessment, to RIDEM for review, and to EPA for review and Approval. The reassessment shall evaluate the progress that has been made toward achieving the inflow removal estimates, CSO discharge volume reductions, and CSO discharge events projected for the specific design precipitation events and the typical annual precipitation record as presented in the Master Plan for the selected alternative (i.e., C1A); and

v. By June 30, 2033, complete implementation of the Master Plan.

vi. The reassessments described above shall include assessment of the progress towards achieving the water quality benefits associated with implementation of the Master Plan, including (as may be necessary after consultation with EPA and RI DEM and review of Harbor monitoring data) stormwater monitoring to determine the water quality benefits and impacts of the inflow removal efforts, and including assessment of other actions the City has taken or will undertake to address water quality impacts associated with any elements of the Master Plan. If any of the reassessments indicate that the City has been unable to achieve the inflow removal estimates, CSO discharge volume reductions, and/or the CSO discharge event projections from either the November 26, 2013, memo or the Master Plan, then the reassessment shall include actions the City shall undertake to meet the projections in accordance with the Master Plan (Section 6.3). Upon Approval by EPA, the City shall implement the actions recommended in the reassessments.

vii. EPA and RIDEM will evaluate the City's ability to control bacteria discharged from the Wellington Avenue CSO facility while minimizing concentrations of total residual chlorine without dechlorination and the number of CSO activations during the reassessment phases of Master Plan implementation. If it is determined that the Wellington Avenue CSO facility is not meeting its CSO reduction projections, the City may be required to modify its CSO disinfection system to include dechlorination.

b. <u>Wastewater Collection</u>

i. By December 31, 2017, complete design and construction of Ruggles PS Improvements;

ii. In December, 2014, the City completed the installation of new weirs at American's Cup and Wellington PS;

iii. On June 12, 2015, the City submitted the final design of the Wellington Avenue CSO Facility improvements to the EPA and RIDEM;

iv. By June 30, 2017, complete construction of the Wellington Avenue CSO Facility improvements;

v. On June 9, 2015, the City submitted the final design of Washington Street CSO Facility Dechlorination improvements to the EPA and RIDEM ;

vi. By June 30, 2016, complete construction of Washington Street CSO Facility Dechlorination improvements as approved under RIDEM Order of Approval #: 1655;

vii. By June 30, 2020, submit the final design of Catchment 10 rerouting improvements to EPA and RIDEM; and

viii. By June 30, 2021, complete construction of Catchment 10 rerouting improvements.

c. <u>Waste Water Treatment</u>

i. By June 30, 2016, the City shall award a DBO Contract to complete the WPCP Upgrades;

ii. By June 28, 2019, the City shall complete construction and initiate operation of WPCP Upgrades; and

3. The following Paragraph is hereby substituted for Paragraph 78.a. of the Consent Decree:

"Beginning January 31, 2016, and annually thereafter, the City shall submit, in accordance with Section XV (Form of Notice) of this Consent Decree, a written report regarding the status of it compliance with Section VII (Remedial Measures) of this Consent Decree. Each Compliance Report shall include, at a minimum, the following items:

a. A description of the activities undertaken during the reporting period directed at achieving compliance with this Consent Decree;

b. An identification of all plans, reports, and other submissions required by this Consent Decree that the Defendant completed and submitted during the Reporting Period;

c. A description of the activities the Defendant plans to undertake during the next Reporting Period in order to achieve compliance with this Consent Decree;

d. An identification of any noncompliance with the requirements of this Consent Decree. If any noncompliance is reported, the notification shall include the following information:

   i. A description of any actions taken or proposed by the Defendant to comply with any lapsed requirements;

   ii. A description of any factors that tend to explain or mitigate the noncompliance; and

   iii. The date by which the Defendant will perform the required action; and

e. An identification of any violations of the numeric limits in the Newport RIPDES Permit occurring during the reporting period, and, for each such violation, an explanation of the cause of the violation."

4. On the Effective Date of this Modification, the City is no longer required to submit semi-annual updates of the GIS Map as required by paragraph 14 of the Consent Decree.

5. Pursuant to paragraph 118 of this Consent Decree, Defendant shall pay $ 10,000 to counsel for Citizen Plaintiffs.

6. This Modification shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment in accordance with 28 C.F.R. Section 50.7. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Modification disclose facts or considerations indicating that the Modification is inappropriate, improper, or inadequate. The City consents to entry of this Modification without further notice and agrees not to withdraw from or oppose entry of this Modification by the Court or to challenge any provision of the Modification, unless the United States has notified the City in writing that it no longer supports entry of this Modification.

7. The Effective Date of this Modification shall be the date upon which this Modification is entered by the Court or a motion to enter the Modification is granted, whichever occurs first, as recorded on the Court's docket.

Dated and entered this 12 day of April, 2016.

WSM

UNITED STATES DISTRICT JUDGE
District of Rhode Island

For Plaintiffs ENVIRONMENT RHODE ISLAND, BURTON HOFFMAN, HENRY ROSEONT, JR., DAVID WIXTED, AND HENRY T. WROBEL

/s/ Karen Pelczarski
Karen Pelczarski (RI Bar No. 3357)
Law Office of Karen Pelczarski
320 South Main Street
Providence, RI 02903
(401) 323-8920 (phone)
(401) 247-1472 (fax)

Date: September 10, 2015

/s/ Charles C. Caldart
Charles C. Caldart (Admitted Pro Hac Vice)
National Environmental Law Center
1402 Third Avenue
Suite 715
Seattle, WA 98101
(206) 568-2853 (phone)
(206) 568-2858 (fax)

Date: September 10, 2015

David A. Nicholas (Admitted Pro Hac Vice)
20 Whitney Road
Newton, MA 02460
(617) 964-1548 (phone)
(617) 663-6233 (fax)

Case 1:08-cv-00265-S-DLM Document 38-1 Filed 12/15/15 Page 14 of 20 PageID #: 654

THE UNDERSIGNED PARTY enters into this Modification in the matter of *Environment Rhode Island, et al. United States of America, and State of Rhode Island v. City of Newport.*

For Plaintiff ENVIRONMENT RHODE ISLAND

8/31/15

John Rumpler
Senior Attorney

THE UNDERSIGNED PARTIES enter into this Modification in the matter of *Environment Rhode Island, et al. United States of America, and State of Rhode Island v. City of Newport.*

BURTON HOFFMAN [DECEASED]

HENRY ROSEMONT, JR. — Date: 9/29/15

DAVID WIXTED — Date: 8/29/15

HENRY T. WROBEL — Date: 8/29/15

THE UNDERSIGNED PARTY enters into this Modification in the matter of *Environment Rhode Island, et al. United States of America, and State of Rhode Island v. City of Newport.*

For Plaintiff UNITED STATES OF AMERICA

Environment and Natural Resources Division
United States Department of Justice

Jerome W. MacLaughlin
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
(202) 616-7162

12/15/15
Date

THE UNDERSIGNED PARTY enters into this modification in the matter of *Environment Rhode Island, et al. United States of America and State of Rhode Island* v. *City of Newport*.

For the UNITED STATES ENVIRONMENTAL PROTECTION AGENCY:

MARK POLLINS
Division Director
Water Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
United States Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

9-22-15
Date

JAMES VINCH
Attorney
Water Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
United States Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

9/8/15
Date

THE UNDERSIGNED PARTY enters into this Modification in the matter of *Environment Rhode Island, et al. United States of America, and State of Rhode Island v. City of Newport.*

For the UNITED STATES ENVIRONMENTAL PROTECTION AGENCY

Susan Studlien — 08/25/2015

Susan Studlien
Director, Office of Environmental Stewardship
U. S. Environmental Protection Agency, Region 1
5 Post Office Square – Suite 100
Boston, Massachusetts 02109-3912

Date

Tonia Bandrowicz — 8/20/15

Tonia Bandrowicz
Senior Enforcement Counsel
Office of Environmental Stewardship
U.S. Environmental Protection Agency, Region 1
5 Post Office Square – Suite 100
Boston, Massachusetts 02109-3912

Date

THE UNDERSIGNED PARTY enters into this Modification in the matter of *Environment Rhode Island, et al. United States of America, and State of Rhode Island v. City of Newport.*

For Plaintiff-Intervenor STATE OF RHODE ISLAND, by Janet L. Coit as Director of the Rhode Island Department of Environmental Management

By its attorney,

Christina A. Hoefsmit
Senior Legal Counsel
Office of Legal Services
R.I. Department of Environmental Management
235 Promenade St.
Providence, RI 02908

9/11/15
Date

THE UNDERSIGNED PARTY enters into this Modification in the matter of *Environment Rhode Island, et al. United States of America, and State of Rhode Island v. City of Newport.*

For Defendant CITY OF NEWPORT

[signature] 10/15/15
Date