**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **ENVIRONMENT RHODE ISLAND, ET AL.,**<br><br>**Plaintiff,**<br><br>**UNITED STATES OF AMERICA,**<br><br>**Plaintiff- Intervenor,**<br><br>**STATE OF RHODE ISLAND,**<br><br>**Plaintiff-Intervenor,**<br><br>**v.**<br><br>**CITY OF NEWPORT, RHODE ISLAND,**<br><br>**Defendant.** | **CIVIL ACTION NO. 08-265S** |

**STIPULATION**
**REGARDING CONSENT DECREE THIRD MODIFICATION**

All parties jointly submit and stipulate to this Consent Decree Third Modification pursuant to the terms of the 2011 Consent Decree and no action is required by the Court.

WHEREAS, Plaintiffs Environment Rhode Island, Burton Hoffman, Henry Rosemont, Jr., David Wixted, and Henry T. Wrobel (collectively "Citizen Plaintiffs"), filed an action under the citizen suit provisions of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251 *et seq*., alleging, in part, that the City of Newport, Rhode Island ("City," "Newport," or "Defendant") violated Section 301(a) of the CWA, 33 U.S.C. § 1311(a), by discharging pollutants into waters of the United States from its Water Pollution Control Plant ("WPCP") and wastewater collection system ("Collection System") in violation of National Pollutant Discharge Elimination System

("NPDES") Permit No. RI0100293, issued to Newport by the Rhode Island Department of Environmental Management ("RI DEM") and known as a Rhode Island Pollutant Discharge Elimination System Permit ("RIPDES Permit");

WHEREAS, Plaintiff, the United States of America ("United States"), on behalf of the United States Environmental Protection Agency ("EPA"), and the RI DEM, on behalf of Rhode Island ("Rhode Island" or the "State") (collectively, "Government Plaintiffs") filed a Motion to Intervene in the citizen suit to protect the interests of the United States and Rhode Island in the uniform and effective application of federal and state environmental laws, and that Motion to Intervene was granted by the Court and the United States and Rhode Island filed a Complaint against the Defendant;

WHEREAS, the United States' and Rhode Island's Complaint alleged that the Defendant violated and continued to violate Section 301(a) of the CWA, 33 U.S.C. § 1311(a), and the Rhode Island Water Pollution Control Act, R.I.G.L. §§ 46-12, *et seq.* ("Rhode Island Act"), by discharging pollutants into waters of the United States from its WPCP and Collection System in violation of the Newport RIPDES Permit, and by discharging pollutants into waters of the United States without authorization under any RIPDES permit or any other provision of the CWA;

WHEREAS, the Citizen and Government Plaintiffs resolved the civil claims alleged in their Complaints against Newport, and the Court entered a Consent Decree in this matter on October 18, 2011, requiring, among other things, that the City undertake studies and develop and implement improvements to its WPCP and Collection System;

WHEREAS, the Consent Decree, in part, required the City to prepare a Collection System Capacity Assessment ("Capacity Assessment") and, if it was determined during the development of the Capacity Assessment that the City's proposed collection system replacement and rehabilitation measures, infiltration and inflow removal programs, and WPCP flow

optimization efforts alone would be insufficient to eliminate Combined Sewer Overflows ("CSOs"), to also develop a System Master Plan, which would evaluate other measures to eliminate CSOs;

WHEREAS, paragraph 66 of the Consent Decree requires complete implementation of the recommended measures and remedial work of the Capacity Assessment and, if appropriate, the System Master Plan, by no later than June 30, 2018 "unless, based on the review and regulatory [a]pproval of the [remedial] recommendations, an alternative end date is agreed to by the Parties;"

WHEREAS, on November 30, 2012, in accordance with the terms of the Consent Decree, the City submitted a Collection System Capacity Assessment and System Master Plan that proposed a number of high-level remedial measures;

WHEREAS, based on new information, including the extent of combined sewers in the system, the City proposed, and EPA approved, a detailed schedule for CSO mitigation in the System Master Plan that included a June 30, 2033 end date;

WHEREAS, Citizen and Government Plaintiffs determined, based on the new information, the high level of control proposed by the City, the affordability analysis, and the commitment to the additional measures, warranted a change in the June 30, 2018, end date in paragraph 66 of the Consent Decree, and therefore jointly proposed modifications to the deadlines contained in the Consent Decree;

WHEREAS, pursuant to Paragraph 121 of the Consent Decree, on April 12, 2016, the Court entered the Consent Decree Modification ("Consent Decree First Modification" jointly proposed by the parties and thereby modified the Consent Decree to include a new end date of June 30, 2033 and a list of specific interim CSO and treatment plant remedial measures to be undertaken, including, the submission of final design for the construction of Catchment 10

rerouting improvements by June 30, 2020 and completion of construction such improvements by June 30, 2021 (paragraphs 2.b.vii and 2.b.viii, respectively of the Consent Decree First Modification);

WHEREAS, the City included a preliminary plan in the System Master Plan for Catchment 10 rerouting improvements;

WHEREAS, based on work conducted to develop a final design for the construction of Catchment 10 rerouting improvements, the City had identified obstacles to the preliminary plan and requested an additional 10 months from the date of this modification to develop and propose an alternative project to meet the intent of the System Master Plan and an extension to the complete construction of such project;

WHEREAS, Citizen and Government Plaintiffs agreed that the bases and justification of this request were reasonable and further that this modification was nonmaterial;

WHEREAS, pursuant to Paragraph 121 of the Consent Decree, nonmaterial modifications of the Consent Decree may be made by written agreement of the Parties;

WHEREAS, Citizen and Government Plaintiffs and the Defendant signed a stipulation for a Second Modification of the Consent Decree (Consent Decree Second Modification), filed with the Court on August 25, 2020, providing that the following subparagraphs be substituted for paragraph 2.b.vii and 2.b.viii in the Consent Decree First Modification (which was a modification to paragraph 67 in the original Consent Decree):

vii. By April 2, 2021, the City shall submit a conceptional alternative plan to achieve the CSO reductions anticipated by the previously proposed rerouting of Catchment 10 ("SMP Project CU-2").

viii. By April 1, 2022, the City shall submit a final design for the alternative plan to EPA and RIDEM ("SMP Project CU-2 Revised").

ix. By October 1, 2023, the City shall complete implementation of SMP Project CU-2 Revised.

WHEREAS, the City on October 28, 2022, filed of a "Notice of Delay" (following up on its February 18, 2022 "Notice of Potential Delay") informing the parties of expected delays completing the Long Wharf Pump Station Improvement component of SMP Project CU-2 Revised and asserting that "lead times for critical equipment for this project are still impacted by supply chain disruption and labor shortages;"

WHEREAS, EPA responded to the Notice of Delay on December 2, 2022, stating that the notification was timely but it was premature to modify the Consent Decree because the City was unable to provide an updated schedule;

WHEREAS, the City requested on September 15, 2023, an extension for completion of the Long Wharf Pump Station (LWPS) Improvements established in the Second Modification of the Consent Decree until December 5, 2024, based on additional information it has received from its vendors since its October 28, 2022, Notice Of Delay;

WHEREAS the City has been timely complying with the terms of the Consent Decree and Consent Decree as modified by the First and Second Modifications, and implementing the System Master Plan;

WHEREAS, this Consent Decree Third Modification does not affect the final completion date of June 30, 2033, for implementation of the System Master Plan in the Consent Decree First Modification and is therefore not considered a material change to the Consent Decree;

WHEREAS, the Court has jurisdiction over the subject matter of this action and over the Parties to this Consent Decree Second Modification pursuant to Paragraphs 2 and 120 of the Consent Decree;

NOW, THEREFORE, Citizen and Government Plaintiffs and the Defendant stipulate that the Consent Decree shall be modified as follows:

1. The following subparagraph shall be substituted for paragraph 2.b.ix in the August 25, 2020, Consent Decree Second Modification:

   ix. By December 5, 2024, the City shall complete implementation of SMP Project CU-2, as revised by the Consent Decree Second Modification.

2. All other terms of the Consent Decree, as modified by the Consent Decree First Modification remain in effect.

3. The Effective Date of this Stipulation Regarding Consent Decree Third Modification shall be the date upon which this Stipulation is filed by the parties with the Court, as recorded on the Court's docket.

THE UNDERSIGNED PARTIES agree to this Stipulation Regarding Consent Decree Third Modification.

THE UNDERSIGNED PARTY agrees to this Consent Decree Third Modification in the matter of *Environment Rhode Island, et al. United States of America, and State of Rhode Island v. City of Newport*.

For Defendant CITY OF NEWPORT

______________________________ Date 12/5/23

Christopher J. Behan, Esq
Newport City Solicitor
City of Newport, RI
43 Broadway
Newport RI 02840
cbehan@cityofnewport.com
401-845-5423

THE UNDERSIGNED PARTY agrees to this Consent Decree Third Modification in the matter of *Environment Rhode Island, et al. United States of America, and State of Rhode Island* v. *City of Newport*.

For Plaintiff UNITED STATES OF AMERICA

HENRY FRIEDMAN Digitally signed by HENRY FRIEDMAN Date: 2023.12.08 10:43:11 -05'00'

______________________________ ______________________________

Henry Friedman
Assistant Section Chief
Environmental Enforcement Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
henry.friedman@usdoj.gov
202-514-5268
202-598-0408 - cell

Date

THE UNDERSIGNED PARTY agrees to this Consent Decree Third Modification in the matter of *Environment Rhode Island, et al. United States of America, and State of Rhode Island v. City of Newport*.

For the United States Environmental Protection Agency, Region 1

CARL DIERKER Digitally signed by CARL DIERKER Date: 2023.11.30 15:58:52 -05'00'

Carl Dierker
Regional Counsel
U.S. Environmental Protection Agency, Region 1
5 Post Office Square
Boston, MA 02109
deirker.carl@epa.gov
617-918-1091

Date

THE UNDERSIGNED PARTY agrees to this Consent Decree Third Modification in the matter of *Environment Rhode Island, et al. United States of America, and State of Rhode Island v. City of Newport.*

Joseph J. LoBianco — Digitally signed by Joseph J. LoBianco Date: 2023.12.05 10:30:28 -05'00'

December 5, 2023

Joseph LoBianco
Deputy Chief of Legal Services
Rhode Island Department of Environmental Management
235 Promenade Street
Providence, RI 02908
joseph.lobianco@dem.ri.gov
401-222-6607 Ext 2772302

Date

THE UNDERSIGNED PARTY agrees to this Consent Decree Third Modification in the matter of *Environment Rhode Island, et al. United States of America, and State of Rhode Island v. City of Newport*.

For Plaintiffs ENVIRONMENT RHODE ISLAND, BURTON HOFFMAN, HENRY ROSEMONT, JR., DAVID WIXTED, and HENRY T. WROBEL

By their attorney,

Charles C. Caldart

Dec. 7, 2023

Charles C. Caldart (Admitted Pro Hac Vice)
National Environmental Law Center
1402 Third Avenue
Suite 618
Seattle, WA 98101
(206) 568-2853 (phone)
(206) 568-2858 (fax)
cccnelc@aol.com

Date